BRETT A. SHUMATE
Assistant Attorney General, Civil Division
JORDAN C. CAMPBELL
Deputy Assistant Attorney General
SARMAD M. KHOJASTEH
Senior Counsel, Civil Division
LISA K. HSIAO
Acting Director, Consumer Protection Branch
ZACHARY A. DIETERT
Assistant Director
COLEEN SCHOCH
Trial Attorney
U.S. Department of Justice
450 5th Street, NW, Suite 6400-South
Washington, DC 20044-0386
Telephone: (202) 305-7386
Coleen.Schoch@usdoj.gov

LEAH B. FOLEY
United States Attorney
District of Massachusetts
ABRAHAM R. GEORGE
Assistant United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
abraham.george@usdoj.gov

*Attorneys for Plaintiff United States of America*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　　v.<br><br>CITIZENS DISABILITY, LLC et al.<br><br>　　Defendants. | Case No. 1:25-cv-12826 |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR ENTRY OF PARTIES' STIPULATED PROPOSED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT AND OTHER RELIEF**

Plaintiff, the United States of America, respectfully submits the following memorandum in support to its' Consent Motion for Entry of the Parties' Stipulated Proposed Order for a Permanent Injunction, Civil Penalty Judgment and Other Relief.

**BACKGROUND**

Plaintiff, acting upon referral from the Federal Trade Commission ("FTC"), filed a Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief Against Defendants Defendant Citizens Disability, LLC and CD Media, LLC for alleged violations of the Federal Trade Commission Act ("FTC Act"), Section 5(a), 15 U.S.C. § 45(a), and the Telemarketing Sales Rule, ("TSR"), 16 C.F.R. Part 310, that occurred in Defendants' telemarketing of their Social Security Disability advocacy services.

Section 5(a) of the FTC Act prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a). A material representation that is likely to mislead consumers acting reasonably under the circumstances is a "deceptive" act. *FTC v. Patriot Alcohol Testers*, 798 F. Supp. 851, 855 (D. Mass. 1992) (citations omitted); *see also Fanning v. FTC*, 821 F.3d 164, 170 (1st Cir. 2016). The TSR, which was promulgated by the FTC pursuant to the Telemarketing Act's direction to "prescribe rules prohibiting deceptive . . . and other abusive telemarketing acts or practices," 15 U.S.C. § 6102(a)(1), regulates outbound telephone calls by telemarketers, 16 C.F.R. § 310.2. Absent an express, written, and signed consent obtained by the seller from a consumer, the TSR prohibits telephone calls that deliver a prerecorded message ("robocalls"), and calls to telephone numbers listed on the National Do Not Call Registry. *Id.* at §§ 310.4(b)(1)(v)(A) (robocalls); 310.5(a)(1)-(2), (8) (do not call registry). The TSR also requires

telemarketers to pay an annual fee to access numbers on the Do Not Call Registry and to maintain certain records of telemarketing calls. *Id.* §§ 310.8 (annual fee), 310.4(b)(1)(v)(A) (records).

The Complaint alleges the Defendant violated the TSR when Defendants and their agents placed millions of unlawful robocalls and millions of unlawful calls to phone numbers listed on the National Do Not Call Registry, failed to pay the required annual fee for access to the telephone numbers that are included in the National Do Not Call Registry, and failed to keep required records relating to their telemarketing activities.  Thus, the Complaint contains one count of alleged violations of Section 5(a) and four counts of alleged violations of the TSR.

Prior to filing the Complaint, the FTC investigated the Defendants' businesses. The parties then discussed the alleged violations and negotiated a resolution that includes both $2 million in civil penalties for Defendants' alleged violations and injunctive provisions to ensure that Defendants comply with the FTC Act and the TSR in its ongoing business operations. The parties' proposed, negotiated resolution is contained in the Stipulated Proposed Order, which is attached to the Motion (Doc. 2-1).

**LEGAL STANDARD**

Courts examine proposed stipulated settlements to determine that it is "fair, reasonable, and adequate; and not illegal, a product of collusion, or against the public interest." *United States v. Massachusetts,* 869 F.Supp.2d 189, 192-193 (D. Mass. 2012) (approving a proposed settlement). This analysis is "not based on a single inflexible litmus test but, instead, reflects [the court's] studied review of a variety of factors bearing on the central question is reasonable in light of the uncertainty of litigation." *Bussie v. Allmerica Fin. Corp.,* 50 F.Supp.2d 59, 72 (D. Mass. 1999). Moreover, there is a presumption in favor of approving the settlement when the

settlement is the result of arm's length negotiations between the parties and sufficient discovery has been conducted. *In re Pharmaceutical Indus. Average Wholesale Price Litig.,* 588 F.3d 24, 32-33 (1st Cir. 2009) (affirming settlement approval).

## ANALYSIS

The Stipulated Proposed Order should be entered. It was negotiated at an arms' length between Defendants and the FTC, and it followed an FTC investigation, during which the agency had access to substantial information regarding the Defendants' respective business operations. *See generally*, 15 U.S.C. § 49 (authorizing FTC's collection of documentary evidence and witness testimony). Thus, there is a presumption that the settlement should be approved. *See In re Pharmaceutical Indus. Average Wholesale Price Litig.,* 588 F.3d at 32-33.

Moreover, the proposed settlement is fair, reasonable, adequate and within the public interest. It provides incentives for Defendants to comply with the requirements of the FTC Act and the TSR in their ongoing business operations. The Stipulated Proposed Order reflects an appropriate level of civil penalty for alleged past misconduct and serves judicial efficiency by promptly resolving the dispute between the parties and securing immediate relief for American consumers. Correspondingly, the FTC has concluded that the proposed settlement is in the public interest, that it will ensure future compliance with the law and deter others from engaging in similar violations, and that settlement benefits the public by avoiding the time and expense of litigation. *See* Attachment A, Commission Reasons for Settlement.

Accordingly, the proposed settlement is a reasonable resolution of the government's claims against the Defendant, and the Parties' Stipulated Proposed Order should be entered.

Respectfully submitted this 30th day of September, 2025,

Of Counsel:

KARINA A. LAYUGAN
   Cal. Bar No. 302049
MATTHEW H. FINE
   Cal. Bar No. 300808
JEFFREY TANG
   Cal. Bar No. 308007
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Phone: (310) 824-4300
Email: klayugan@ftc.gov;
      mfine@ftc.gov;
      jtang@ftc.gov

BRETT A. SHUMATE
Assistant Attorney General
SARMAD KHOJASTEH
Acting Deputy Assistant Attorney General
Civil Division
LISA K. HSIAO
Acting Director, Consumer Protection Branch
ZACHARY A. DIETERT
Assistant Director

*/s/ Coleen Schoch*
COLEEN SCHOCH
Trial Attorney

LEAH B. FOLEY
United States Attorney
District of Massachusetts

*/s/ Abraham R. George*
ABRAHAM R. GEORGE
Assistant United States Attorney

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 30th day of September, 2025 this document filed through the ECF system will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

*/s/ Coleen Schoch*
COLEEN SCHOCH